MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:      2016 ME 84
Docket:        Ken-15-445
Argued:        May 4, 2016
Decided:       June 7, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and
               HUMPHREY, JJ.

STATE OF MAINE

v.

APRIL M. DUPONT

GORMAN, J.

[¶1]   April M. Dupont was convicted of assault (Class D), 17-A M.R.S. § 207(1)(A) (2015), by a judgment entered in the Unified Criminal Docket (Kennebec County, *E. Walker, J.*) after a jury trial on August 28, 2015. Viewed in the light most favorable to the State, *see State v. Logan*, 2014 ME 92, ¶ 17, 97 A.3d 121, the evidence presented at trial established that on the evening of May 5, 2015, the victim and Dupont were together at the victim's home in Chelsea. During the course of an argument, Dupont scratched the victim's face and neck with her fingernails, leaving a series of wounds on his cheek.[1]  The jury found

---

[1]  On Dupont's challenge to the sufficiency of the evidence supporting her conviction, we conclude that this evidence supports the jury's verdict finding, beyond a reasonable doubt, that Dupont committed each element of assault. *See* 17-A M.R.S. §§ 2(5), 207(1)(A) (2015); *State v. Graham*, 2015 ME 35, ¶ 28, 113 A.3d 1102; *State v. Logan*, 2014 ME 92, ¶ 17, 97 A.3d 121.

2

Dupont guilty of the assault and, on August 28, 2015, the court issued a judgment on the verdict sentencing Dupont to twenty days in jail and a fine of $300.[2]

[¶2] Three days later, Dupont filed a notice of appeal and her first motion for a new trial, asserting that the victim had "committed perjury" and that she was entitled to a new trial because "[n]o rational jury could have convicted [her] of Assault in this matter after hearing that testimony." *See* M.R.U. Crim. P. 1(e)(2), 29(b), 33. Then, on September 15, 2015, Dupont filed an amended motion for a new trial, adding the following language to her motion: "The Defendant did not get the opportunity for a fair, open and public trial as the courtroom doors were locked at some point during the trial." Dupont did not submit an affidavit with her motion, nor did she offer any testimony at the motion hearing.[3] Based on the absence of any evidence to suggest that the doors to the courtroom were, in fact, locked during a portion of her trial, the court denied Dupont's motion on November 5, 2015.

[¶3] Dupont filed a "Motion to Reconsider Order Denying Motion for New Trial," citing Rule 33. With this motion, Dupont submitted a portion of the trial

---

[2] Dupont was also charged with violating a condition of release (Class E), 15 M.R.S. § 1092(1)(A) (2015), for using alcohol while on bail for another offense. Because Dupont waived her right to trial by jury on that charge, and the court found Dupont not guilty, that charge is not at issue in this appeal.

[3] Contrary to Dupont's contention, her attorney's argument at the hearing on the motion for a new trial does not constitute testimony. *See State v. Gorman*, 2004 ME 90, ¶ 54, 854 A.2d 1164 (defining "testimony" with reference to "the traditional protections of the oath, cross-examination, and opportunity for the [fact-finder] to observe the witness' demeanor" (quotation marks omitted)).

transcript showing that the court stated, just before closing arguments and jury instructions, "All right.  Bring the jury in, please.  And if we could have the doors in the back of the Courtroom closed as well so that no one is interrupted during either the closings or the instructions."  Dupont also submitted the affidavit of an attorney stating that he attempted to enter the courtroom at some point during the afternoon on the day of Dupont's trial, but the door was locked.  Dupont appeals from the court's November 24, 2015, denial of her motion for reconsideration.

[¶4]  We discern no error or abuse of discretion in the court's denial of Dupont's motion for a new trial.  *See* M.R.U. Crim. P. 33; *State v. Robinson*, 2016 ME 24, ¶ 24, --- A.3d ---; *State v. Mitchell*, 2010 ME 73, ¶ 41, 4 A.3d 478. Dupont claims that she learned that the courtroom doors were locked before the jury began deliberating, but admits that she did not bring the issue to the court's attention at a time when the court might have been able to address it.  *See State v. Dolloff*, 2012 ME 130, ¶ 39, 58 A.3d 1032 (discussing the need for a defendant to "bring objections to the trial court's attention promptly so that any prejudice can be remedied during the proceedings").  Instead, Dupont sought a new trial through a post-judgment motion, but offered the court no evidence on which the court could find that the courtroom doors had been locked during any portion of her trial. *See Estate of Fournier*, 2009 ME 17, ¶ 12, 966 A.2d 885 (stating that it is the moving party's burden to establish the requisite grounds for granting a motion for a

new trial). Dupont then filed a motion to reconsider—a motion not available in criminal cases—and even then, the only evidence presented was an affidavit from a single attorney who could not say precisely when the courtroom doors were locked, i.e., whether they were locked while the trial was occurring, after the jury had already left the courtroom to deliberate, or after the verdict was given. Based on the absence of any supporting record, we discern no error or abuse of discretion in the court's denial of Dupont's motion for a new trial.[4]

The entry is:

Judgment affirmed.

---

**On the briefs:**

Kevin Sullivan, Esq., and Elizabeth Gray, Esq., Sullivan Law P.C., Augusta, for appellant April M. Dupont

Maeghan Maloney, District Attorney, and Kate E. Marshall, Asst. Dist. Atty., Prosecutorial District IV, Augusta, for appellee State of Maine

---

[4] Even if the courtroom doors were locked during a brief portion of Dupont's trial, that fact, by itself, would not necessarily constitute a violation of Dupont's—or the public's—constitutional rights requiring a new trial. *See State v. Frisbee*, 2016 ME 83, ¶¶ 23-24, --- A.3d ---; *Roberts v. State*, 2014 ME 125, ¶¶ 24, 26, 30-35, 103 A.3d 1031.

**At oral argument:**

Elizabeth Gray, Esq., for appellant April M. Dupont

Kate E. Marshall, Asst. Dist. Atty., for appellee State of Maine

Kennebec County Unified Criminal Docket docket number CR-2015-283
FOR CLERK REFERENCE ONLY